CTJ/RMT

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 MAY -5  PM 3: 36

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | **4-10CV-319-A** |
| | § | NO. |
| v. | § | |
| | § | |
| $20,251.00 IN U.S. CURRENCY | § | |
| | § | |
| Defendant *In Rem*. | § | |

## COMPLAINT FOR FORFEITURE

The United States of America (the Government) files this complaint *in rem* against

the Defendant property, to wit, $20,251.00 in U.S. currency (Defendant property) and in

accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions ( the Supplemental Rules ) alleges as follows:

I.

This Court has subject matter jurisdiction of this cause of action by virtue of the

provisions of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction because

of 28 U.S.C. § 1355(b). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C.

§ 1395(b).

II.

The statutory bases for this suit are 18 U.S.C. §§ 981(a)(1)(D)(vi), 981(a)(1)(C),

1956(c)(7), 2314 and 2315. Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §

**Complaint for Forfeiture (Elqutob) - Page 1**

983, and Rule G of the Supplemental Rules.

## III.

On November 30, 2009, a Tarrant County District Judge found probable cause and signed a search warrant for a residence within the Northern District of Texas which was executed by the Tarrant County District Attorney's Office and the U.S. Secret Service (the Secret Service). Pursuant to this search warrant, the Defendant property was seized at 4712 Park Springs Blvd., Arlington, Texas 76017 in Tarrant County, Texas, in the Northern District of Texas on or about December 2, 2009. The Defendant property was turned over to the Secret Service on December 3, 2009 for the institution of federal forfeiture proceedings. The Defendant property was deposited in the seized asset deposit fund account with the U.S. Customs Service in Indianapolis, Indiana.

## IV.

This action *in rem* is being brought in the United States District Court pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because **Elqutob** filed a claim to the Defendant property with the Secret Service on February 4, 2010 after receiving notice, pursuant to 18 U.S.C. § 983(a)(1)(A), of an administrative forfeiture proceeding. Also, the **Radioshack Corporation** filed a Petition for Remission and/or Mitigation on January 26, 2010. This petition did not contest forfeiture of the property for forfeiture by the U.S. Government. Nor did this petition request a judicial forfeiture proceeding.

## V.

The names and last known addresses of any known possible claimants to the

Defendant property are:

> **Azmi Rashad Elqutob**
> 4712 Park Springs Blvd.
> Arlington, Texas 76017
>
> **RadioShack Corporation**
> 300 RadioShack Circle, Mail Stop CF4.334
> Fort Worth, Texas 76102

Attorney, Tom Pappas, 900 Jackson Street, Suite 330, Dallas, Texas 75202, represents

**Elqutob** in the Secret Service's administrative forfeiture proceeding against the

Defendant property. Attorney, Candice Vaughn, 300 RadioShack Circle, Mail Stop

CF4.334, Fort Worth, Tx 76102, represents **Radioshack Corporation** in the Secret

Service's administrative forfeiture proceeding against the Defendant property.

**Radioshack Corporation** has not contested the forfeiture. Rather, it has petitioned the

Government for Remission and/or Mitigation.

## VI.

The Defendant property is subject to forfeiture pursuant to 18 U.S.C. §§

981(a)(1)(D)(vi) because it represents or is traceable to gross receipts obtained, directly or

indirectly, from a violation of 18 U.S.C. § 1343 (relating to wire fraud). Also, the

Defendant property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) because

it constitutes or is derived from proceeds of traceable to a violation of 18 U.S.C. §§

1956(c)(7)(A), 1961(1), 2314, and 2315.

**Complaint for Forfeiture (Elqutob) - Page 3**

Facts justifying forfeiture are more fully set forth in the Verification Affidavit of

Tjamas Matthews, an agent of the Secret Service, attached hereto and incorporated herein

as Exhibit "A,"

## VII.

WHEREFORE, the Government requests the following:

1.   The District Clerk issue a warrant for the arrest of the Defendant property as

provided by Rule G(3)(b)(I) of the Supplemental Rules.

2.   The Defendant property be arrested by the United States Marshal (or his designee

authorized by law) as provided by Rule G(3)(C) of the Supplemental Rules.

3.   Publications of notice of the Complaint for Forfeiture and warrant for arrest of

property are made on the official Government Internet forfeiture site

www.forfeiture.gov for at least 30 consecutive days in accordance with Rule

G(4)(a)(iv)(C) of the Supplemental Rules.

4.   All persons having any interest in or right against said Defendant property be

advised: (1) by said public notice as required by Rule G(4)(a) of the Supplemental

Rules; or (2) by direct notice on the known possible claimant(s) in paragraph IV, as

required by Rule G(4)(b) of the Supplemental Rules, of the opportunity to timely file

a verified claim identifying the interest or right to the Defendant property in this

Court as required by Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an

answer to this Complaint for Forfeiture or a motion under Fed. R. Civ. P. 12 in the

manner required by the provisions of Rule G(5)(b) of the Supplemental Rules and 18

U.S.C. § 983(a)(4)(B). Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy of same on Steven Jumes, Assistant United States Attorney, c/o Burnett Plaza, Suite 1700, 801 Cherry Street, Unit #4, Fort Worth, Texas 76102-6882.

5.    After all proceedings are had on this Complaint for Forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed forfeited to the United States of America according to law.

6.    All costs and expenses incurred by the United States in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable.

7.    The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,
JAMES T. JACKS
UNITED STATES ATTORNEY

Steven Jumes
Assistant United States Attorney
Texas State Bar Number 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Ft. Worth, Texas 76102
Telephone: 817.252.5251
Facsimile: 817.978.3094
**steve.jumes@usdoj.gov**

**Complaint for Forfeiture (Elqutob) - Page 5**

# Exhibit A

## AFFIDAVIT IN SUPPORT

I, Paul Ahner, being first duly sworn, hereby depose and state as follows:

<u>INTRODUCTION AND AGENT BACKGROUND</u>

1.      I am a Special Agent (SA) with the United States Secret Service (USSS) and have been so employed since May 2004. I have received training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia and the USSS Academy in Beltsville, Maryland. Moreover, I have received training in a wide variety of criminal matters including computer crimes. I am currently assigned to the Dallas, North Texas Electronic Crimes Task Force and have investigated federal, state, and local financial crimes. Further, I have received training and gained experience in the interviewing of witnesses and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, computer evidence seizure and processing, and various criminal laws and procedures. During the course of my employment with the USSS, I have received training in investigations at the Federal Law Enforcement Training Center (FLETC), as well as over 200 hours of advanced officer training at the USSS training center.

2.      I make this affidavit for and on behalf of the United States of America. I have read the foregoing Complaint for Forfeiture. The matters stated in this affidavit and in the Complaint for Forfeiture are true and correct to the best of my knowledge, information, and belief. This affidavit does not purport to set forth all of my knowledge

or investigation concerning this case. The information contained in this affidavit is from

my personal knowledge, knowledge obtained during my participation in this investigation

which includes a review of documents and computer records, individuals who have

personal knowledge of the events and circumstances described herein, and other law

enforcement officers, employees, and agents.

## PROPERTY FOR FORFEITURE

3.    This affidavit is made in support of the complaint for forfeiture filed against

$20, 251.00 in U.S. currency (the currency) seized from the residence at 4712 Park

Spring Blvd, Arlington, TX, within the Northern District of Texas, pursuant to a signed

search warrant issued on or about November 1, 2009.  **Azmi Elqutob (Elqutob)** was

identified as one of several individuals living at this address.

## LEGAL AUTHORITY FOR FORFEITURE

4.    18 U.S.C. § 981 (a)(1)(D)(vi) states that any property, real or personal,

which represents or is traceable to the gross receipts obtained, directly or indirectly, from

a violation of Title 18 USC § 1343 shall be subject to seizure and forfeiture.  Also, 18

U.S.C. § 981 (a)(1)(C) states that any property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of a "specified unlawful activity" listed in

18 U.S.C. § 1956(c)(7) shall be subject to forfeiture.  Included in such definition are

offenses relating to the transportation and transfer of stolen goods as well as the receipt of

stolen goods pursuant to 18 U.S.C. §§ 2314 and 2315.  Based on my training, experience,

and the facts set out in this affidavit, I believe the $20,251.00 in currency (the currency) described in paragraph 3 is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(D)(vi), 981(a)(1)(C), 1956(c)(7), 1961(1), 2314, and 2315.

## FACTS SUPPORTING FORFEITURE

5.      On June 8, 2009 Geoff Neimeth (Niemeth), Loss Prevention Manager for Aftermarket Technology Corporation Logistics and Electronics (ATC) contacted the USSS, Dallas Field Office, with concerns of a large theft of cell phones. Neimeth stated between January 2009 and April 2009, over four hundred and forty Black Berry Bold 9000 cell phones were stolen from ATC.

6.      Between May 2009 and June 8, 2009, Neimeth and Manuel Cangas, both Loss Prevention Managers for ATC, completed their internal investigation and contacted USS SA Tjamas Matthews (Matthews) with their findings. During their investigation, they identified several individuals who had bought stolen Black Berry Bold 9000 cell phones. These phones were stolen from an ATC facility. These customers stated that they unwittingly purchased stolen cell phones from websites on the internet. Specifically, they listed e-Bay or Craigslist as sites and related that the sellers were named either "REEMSALE", "DEAL MAKER", or "**ELQUTOB**".

### Internet and Computer Investigation of Phones from ATC

7.      Matthews conducted an investigation as to the ownership of the e-bay User ID "REEMSALE". This ID was attached to the website of e-Bay.com. On the site, **Elqutob** is listed as the owner of "REEMSALE". **Elqutob** opened this account on e-Bay

on September 28, 2000 for the online purchase and sale of goods. Since this investigation, "REEMSALE" has sold and purchased multiple items on e-Bay.

8.    Specifically, during the months of March 2009 and June 2009, "REEMSALE" listed Black Berry Bold 9000 cell phones for sale on e-Bay. In reviewing e-Bay records, it was clear that multiple types of cell phones have been sold by "REEMSALE" using PayPal account #xxxxxxxxxxxxxx7422 during the course of the previous several years. The ID "REEMSALE" and the PayPal account are connected to the account created by **Elqutob**. PayPal is an on-line pay site used when purchasing items on e-Bay. During Matthews' investigation he identified different types of stolen cell phones being sold by "REEMSALE" since March 2009. Documents revealed that these phones were shipped from the addresses of 4124 County Road 607, Alvarado, TX 76009 and 4712 Park Springs Road, Arlington, TX 76017 via UPS, USPS, and FedEx. The Arlington address is within the Northern District of Texas.

<u>USSS Contact with Purchasers of Stolen Phones</u>

9.    On June 18, 2009, ATC provided Matthews with a detailed list of individuals that have been identified as having purchased stolen Black Berry Bold 9000 cell phones from "REEMSALE". In response, he made contact with some of these unwitting purchasers. They related that shipments for the phones listed addresses as either 4124 County Road 607, Texas 76009 or 4712 Park Springs Road, Arlington, Texas 76017. Sometimes, both of these addresses were listed on a shipment. Further, the particular Black Berry Bold cell phones associated with these purchases were identified as phones stolen from the ATC facility.

## Elqutob's Connection to "REEMSALE" and the Alvarado and Arlington Addresses

10.     On June 22, 2009, Matthews met with Wes Wallace (Wallace), Loss Prevention Manager for AT&T.   This meeting revealed that **Elqutob** was employed with AT&T and had sold stolen phones online via e-Bay and Craigslist.   Also, Wallace related that the numbers associated with "REEMSALE" are assigned to the AT&T network. Wallace confirmed that the numbers identified are work related phone numbers assigned to **Elqutob**.   Wallace confirmed that the address of 4124 County Road, Alvarado, TX 76009 was the permanent address for **Elqutob**.   Wallace also stated that Rasha Elqutob, a relative of **Elqutob's**, is employed with AT&T, and that both Rasha and **Elqutob** have listed a common address of 4712 Park Springs Blvd, Arlington, TX 76017.   Both the Arlington address and the Alvarado address have been used to send shipments of phones purchased from "REEMSALE" to customers domestically and internationally.

## Investigation of Phones Stolen from Radioshack

11.     On October 5, 2009, Matthews was contacted by Chris Hyde (Hyde), Regional Investigative Manager for Radio Shack.   Hyde stated that he discovered multiple Sprint Black Berry Curve 8330 cell phones were stolen from a Radio Shack Kiosk inside Sam's Wholesale Club, located in Grapevine, Texas.   Hyde also related that during his investigation he contacted a person who had a stolen cell phone in his possession.   This person stated that he purchased this stolen phone from "REEMSALE" via e-Bay.   Transaction records for "REEMSALE" indicate that the same type of phone taken from the Radio Shack Kiosk were being sold to individuals both domestically and internationally without purchasers knowing that such phones were stolen or obtained

illegally. Further, Matthews visited e-Bay to inquire what current items were listed for sale by "REEMSALE". During this inquiry it became clear that there were two Black Berry Curve 8330 cell phones, in the Sprint network, listed for sale at the price of $249.00 dollars.

### Interview with Participants

12.     On November 16, 2009, Tarrant County District Attorney Investigator, Jeff Gray (Gray) and Matthews conducted interviews of Joshua Ara (Ara) and Manuel Morin (Morin), two persons suspected to be involved with stealing cell phones from Radio Shack. They were interviewed at Sam's Club, 1701 West Highway 114, Grapevine, Texas 76051. Ara, an employee of Radio Shack, stated he was responsible for stealing over 100 Black Berry Curve 8330 cell phones from the Radio Shack Kiosk located inside of Sam's Club. Ara stated he would then sell the stolen cell phones to individuals in the Dallas/Fort Worth area.

13.     Ara also stated that he met a young man named "Ricky" who purchased two phones from him for $85.00 each. "Ricky" gave Ara the phone number 214-688-2340 and told him that if Ara could get more cell phones, he would pay for them. Ara stated he called "Ricky" twice a week to sell him stolen cell phones from Radio Shack. Ara also stated that Ricky told him to call his father at 817-500-2859, since his father, **Elqutob**, had more money to purchase phones. This phone number has been associated with **Elqutob**. Ara started contacting **Elqutob** around August 2009 and sold stolen cell phones directly to him.

<u>Ara's Phone Call to **Elqutob** and Undercover Sale of Stolen Phones to **Elqutob**</u>

14.     On November 23, 2009, Gray and Matthews met with Ara at the USSS,

Dallas Field Office.  Ara, in our presence, placed a consensual telephone call to the

number associated with **Elqutob**.  Ara spoke to **Elqutob** stating that he removed four

Black Berry Curve cell phones from the system at Radio Shack and that he would be able

to provide them to **Elquotob**.  **Elqutob** informed Ara that one of the phones he

previously bought from Ara had been reported as stolen.  **Elqutob** further stated that

there were additional phones that are also being returned as stolen.  Ara agreed to

exchange one of the previously sold phones and sell him three new phones.  **Elqutob**

agreed to purchase the four cell phones at a location where the two had previously met.

15.     Continuing on this date, Gray and Matthews followed Ara to the meeting

location.  Ara met with **Elqutob** at a commercial parking lot located at Park Springs Blvd

and Interstate 20, Arlington, Texas.  **Elqutob** provided Ara with $300.00 in cash for the

four stolen Black Berry Curve 8330 cell phones.  **Elqutob** stated that he would call him

the following day to see why the cell phones were being identified as stolen and what

could be done to fix them.  Ara told **Elqutob** he removed the phones from work and that

the phones should be sold quickly before they were hot listed, in other words, reported

stolen.  The recorded conversation between Ara and **Elqutob** revealed that **Elqutob**

knew that he was purchasing stolen cell phones.  **Elqutob** purchased each of these stolen

cell phones for $75.00 dollars each.  **Elqutob** was observed by law enforcement officers

as he left a private roadway connected to his residence in a Silver Lexus SUV.  **Elqutob**

then proceeded to the transaction in the same vehicle.  After his knowing purchase of

stolen phones from Ara, **Elqutob** departed the meeting and returned to 4712 Park Springs

Blvd, Arlington, Texas 76017.  A vehicle check of the license plate revealed that

**Elqutob** is listed as the owner of the above mentioned Silver Lexis SUV and it is

registered to the address of 4712 Park Springs Blvd., Arlington, Texas 76017.

<u>Investigation of Bank Records Associated with Rashad and Donna Elqutob</u>

16.    On November 27, 2009, Matthews obtained Wells Fargo Bank records for

Rashad Elqutob (Rashad) and Donna Elqutob pursuant to an account named "Deal

Maker," account #xxxxxx0987.  These records revealed that **Elqutob** received checks for

the purchase and sales of cell phones[1].  In reviewing these documents, Matthews

identified numerous checks being issued to **Elqutob** with notes written on check memo

lines relfecting payments for cell phone purchases and phone types.   A similar deposit

was made into the account from PayPal.  These documents also revealed that between

October 2008 and October 2009 approximately $84,000.00 dollars have been paid to

**Elqutob**.

17.    On November 27, 2009, Matthews received subpoenaed documents which

revealed that the subject IP address for a company named Research in Motion is

registered to **Elqutob** at the address of 4712 Park Spring Blvd., Arlington, TX 76117.

This address has been identified as one of two addresses used to conduct business for

"Deal Maker".  The physical address and IP address have also been linked to making and

---

[1] The only known claimant in the administrative forfeiture proceeding is Azmi **Elqutob** and his name is cited in bold font type.  All other persons, even if related to **Elqutob**, as they are not known claimants, will not be cited in bold font type.

receiving payments via Pay Pal.  Further, the physical and IP addresses have been used to

place shipping orders online and receiving shipments from FedEx.

<u>Search of Residence in Arlington</u>

18.     On December 2, 2009, Agents from the USSS, Dallas Field Office and

officers from the Tarrant County District Attorney's Office executed a state search

warrant at the residence of 4712 Park Spring Blvd., Arlington, TX 76117.  This warrant

was signed pursuant to a finding of probable cause.  The search of the residence revealed

over 1,080 cell phones, $20,251.00 in currency (the currency), several computers, and

numerous financial documents.  Several individuals at the residence were interviewed.

During the interview, each individual was asked separately as to whom the owner of the

money was and each individual refused to answer the question except **Elqutob**.  **Elqutob**

stated that the money belonged to his son Rashad.  When asked further why the currency

was at this residence, **Elqutob** stated that it was related to a cell phone business owned

by his son.  Also during this interview, **Elqutob** stated that he was self employed but he

would not provide agents with the name of his company.  A records check with the Texas

Work Force Commission revealed that **Elqutob** did not have any work history on file for

the year 2009.

**CONCLUSION**

19.     Based on all the facts and information set forth in the preceding paragraphs,

the undercover purchase of stolen cell phones by **Elqutob**, the statements made by

**Elqutob** as to the owner of the currency, Elqutob's knowing participation in an

undercover conversation where he acknowledges receipt of stolen merchandise, the lack

of legitimate income for Elqutob, the connection between the location of the property for

forfeiture and the listed addresses used for e-bay transactions and PayPal transactions,

banking records evidencing the sale and purchase of phones, Pay Pal records evidencing

phones sales through wire transfer, the seizure of over 1,000 cell phones at **Elqutob's**

residence, **Elqutob** being named by a co-participant as a trafficker of stolen property, and

**Elqutob** being named by purchasers as a seller of stolen phones from ATC, I submit that

the $20,251.00 in U.S. currency seized is subject to forfeiture pursuant to 18 U.S.C. §

981(a)(1)(D)(vi), because it represents or is traceable to the gross receipts obtained from

a violation of Title 18 USC § 1343 (Wire Fraud). Further, I submit that the $20,251.00

in U.S. currency seized is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C)

because it constitutes or is derived from proceeds traceable to a violation of a "specified

unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), specifically, 18 U.S.C. §§ 2314

and 2315 which are offenses listed in 18 U.S.C. § 1961(1).

Respectfully submitted,

Paul Ahner
Special Agent
United States Secret Service

Subscribed and sworn to before me on this 5th day of May, 2010



SANDRA A. LEVENGOOD
Notary Public,
State of Texas
Comm. Expires 04-05-13

JS 44 (USAO Rev.7/98)   **CIVIL COVER SHEET**

RECEIVED
U.S. DISTRICT COURT
FT. WORTH DIVISION

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

**I. (a) PLAINTIFF**

United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANT(S)**

$20,251.00 in United States Currency

2010 MAY -5 PM 3: 36

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CLERK OF COURT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven T. Jumes
Assistant United States Attorney
Texas State Bar Number 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Fort Worth, Texas  76102    ph: 817.252.5251 fax: 817.978.3094
steve.jumes@usdoj.gov

ATTORNEYS (IF KNOWN)

**4 - 1 0 CV - 3 1 9 - A**

**II. BASIS OF JURISDICTION** (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[] 3 Federal Question (U.S. Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | []1 | []1 | Incorporated or Principal Place | []4 | []4 |
| Citizen of Another State | []2 | []2 | Incorporated and Principal Place of Business in Another State | []5 | []5 |
| Citizen or Subject of a Foreign Cntry | []3 | []3 | Foreign Nation | []6 | []6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding   [] 2 Removed from State Court   [] 3 Remanded from Appellate Court   [] 4 Reinstated or Reopened   [] 5 Transferred from another district (specify)   [] 6 Multidistrict Litigation   [] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 U.S.C. 158 | [] 400 State Reapportionment |
| [] 120 Marine | | | [] 620 Other Food & Drug. | | [] 410 Antitrust |
| [] 130 Miller Act | [] 310 Airplane | [] 362 Personal Injury Med | [] 625 Drug Related Seizure | [] 423 Withdrawal | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 315 Airplane Product | Malpractice | of Property 21U.S.C. 881 | 28 U.S.C. 157 | |
| [] 150 Recovery of Overpayment | Liability | [] 365 Personal Injury | [] 630 Liquor Laws | | [] 450 Commerce/ICC |
| & Enforcement of Judgment | [] 320 Assault, Libel & | Product Liability | [] 640 R.R. & Truck | | Rates, etc |
| [] 151 Medicare Act | Slander | [] 368 Asbestos Personal | [] 650 Airline Regs. | **PROPERTY RIGHTS** | [] 460 Deportation |
| [] 152 Recovery of Defaulted | [] 330 Federal Employers | Injury Product Liability | [] 660 Occupational | | [] 470 Racketeer Influenced |
| Student Loan (Excl.Veterans) | Liability | | Safety/Health | [] 820 Copyrights | Corrupt Organizations |
| [] 153 Recovery of Overpayment | [] 340 Marine | | [X] 690 Other | [] 830 Patent | [] 810 Selective Service |
| at Veteran's Benefits | [] 345 Marine Product | **PERSONAL PROPERTY** | | [] 840 Trademark | [] 850 Securities/ |
| [] 160 Stockholders' Suits | Liability | [] 370 Other Fraud | | | Commodities/Exchange |
| [] 190 Other Contract | [] 350 Motor Vehicle ✓ | [] 371 Truth in Lending | **LABOR** | | [] 875 Customer Challenge |
| [] 195 Contract Product Liability | [] 355 Motor Vehicle Product | [] 380 Other Personal Property | | **SOCIAL SECURITY** | 12 U.S.C. 3410 |
| | Liability | Damage | [] 710 Fair Labor Standards | | [] 891 Agricultural Acts |
| | | [] 385 Property Damage | Act | [] 861 HIA (1395f) | [] 892 Economic Stabilization |
| | | Product Liability | | [] 862 Black Lung (923) | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [] 720 Labor/Mgmt.Relations | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| | | | | [] 864 SID Title XVI | [] 894 Energy Allocation |
| [] 210 Land Condemnation | [] 441 Voting | [] 510 Motions to Vacate | [] 730 Labor/Mgmt. Reporting | [] 865 RSI (405(g)) | Act |
| [] 220 Foreclosure | [] 442 Employment | Sentence | & Disclosure Act | | [] 895 Freedom of Information |
| [] 230 Rent Lease & Ejectment | [] 443 Housing/ | | | | Act |
| [] 240 Torts to Land | Accommodations | **Habeas Corpus** | [] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [] 900 Appeal of Fee |
| [] 290 All other Real Property | [] 444 Welfare | [] 530 General | | | Determination Under Equal |
| | | [] 535 Death Penalty | [] 790 Other Labor Litigation | [] 870 Taxes (U.S. Plaintiff | Access to Justice |
| | | [] 540 Mandamus & Other | | or Defendant) | [] 950 Constitutionality of State |
| | | [] 550 Other (including | [] 791 Empl. Ret. Inc. Security | [] 871 IRS - Third Party | Statutes |
| | | 1983 Actions) | Act. | 26 U.S.C. 7609 | [] 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)

CIVIL FORFEITURE -- 18 U.S.C. §§ 981(a)(1)(D)(vi) and 981(a)(1)(C)

**VII. REQUESTED IN COMPLAINT:**    CHECK IF THIS IS A CLASS ACTION   [ ] UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:   JURY DEMAND: [ ] YES   [XX] NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):    JUDGE_____ DOCKET NUMBER_____

DATE

May 5, 2010

UNITED STATES DISTRICT COURT

SIGNATURE OF ATTORNEY OF RECORD

Steven T. Jumes, Assistant United States Attorney

ORIGINAL